**AMERICAN MEDICORP, INC., et al., Appellants,**

v.

**Daniel LORD et al., Appellees.**

**No. 8186.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 15, 1979.

Jack R. Martin and D. K. Sperry, Houston, for appellant.

Joseph F. Archer, Don Weitinger, Russell H. McMains, Tom W. Foster, Houston, Harry S. Jones, Bellaire, Wayne Sturdivant, Amarillo, William A. Harrison, Houston, for appellee.

CLAYTON, Justice.

This is a wrongful death action brought by appellant Daniel Lord and the Minors Dayna and Sherrie Lord (plaintiffs below), as surviving husband and children of Carolyn Ann Lord, for the wrongful death of Mrs. Lord while an obstetrics patient at Southmore Medical Center, Inc.

The basic undisputed facts are that Carolyn Lord entered Southmore Hospital and was the second patient who used the delivery room in question after the new hospital was opened and began its operations. It is undisputed that she died of anoxia due to a cross-connection between nitrous oxide and oxygen pipelines, or, as was contended by two of the defendants, that the inert testing gas, nitrogen, was never purged from the system and that anoxia resulted therefrom.

The original named defendants were Harcon Corp.; Ohio Medical Products Co.; Lambert Construction Co.; Pierce, Goodwin and Flanagan, an architectural company partnership; Pierce, Goodwin and Flanagan, individually; Southmore Medical Center, Inc.; American Medicorp, Inc.; and Wharton Development Co. Prior to trial, plaintiffs settled with Ohio Medical; Pierce, Goodwin, and Flanagan, individually and as a co-partnership; and orders of non-suit were entered as to these parties; however, they remained in the case because of the various cross-actions filed against them. Cross-actions were filed and prosecuted by each named defendant against all other named defendants.

The case was submitted to a jury on special issues. In response to a general negligence charge, the jury found that American Medicorp, Inc., was negligent and the percentage of its negligence was forty-five percent; Southmore Medical Center, Inc., was forty-five percent negligent; American Medicorp Development Co. was five percent negligent; and Medicorp Management, Inc. was five percent negligent. The jury exonerated defendants Harcon, Lambert, Ohio Medical, and Pierce, Goodwin and Flanagan from any negligence. The jury awarded actual damages in the amount of $2,000,000 and exemplary damages in the amount of $5,000,000 against Southmore Medical Center, Inc. The trial court entered judgment against American Medicorp, Inc.; American Medicorp Development Co.; Medicorp Management, Inc.; and Southmore Medical Center, Inc.—all of whom are hereinafter referred to as appellants—for actual damages in the sum of $1,000,000, and in the sum of $1,000,000 against Southmore Medical Center as exemplary damages. All damages were duly apportioned between the plaintiffs. The trial court further decreed that ". . . each of the Cross-Plaintiffs . . . recover nothing of and from each of the Cross-Defendants by virtue of such cross-actions for contribution and/or indemnity." Appellants have duly perfected their appeal from such judgment. Defendants Harcon, Lambert, and Ohio Medical are herein referred to as appellees.

On the 20th day of September 1978, and during the pendency of this appeal, this court, upon joint motion of appellants and the plaintiffs (Lords), entered an order wherein "The appeal of the appellants American Medicorp, Inc., American Medicorp Development Company, Medicorp Management, Inc. and Southmore Medical Center, Inc., as to the appellees Daniel Lord, Sherrie Lord, and Dayna Lord is hereby severed from the remainder of the cause and the judgment, insofar as it relates to said Lord plaintiffs only, and is here and now reversed and the cause is remanded to the District Court of Harris County . . . for hearing as to approval of settlement and division of proceeds to minor appellees Dayna Lord and Sherrie Lord." This order was made without prejudice to any of the rights of the remaining parties to this appeal, and the right of any party to indemnity and contribution from any other party "has not been adjudicated but remains for

determination after submission of the remainder of the cause to the court."

Pursuant to the above order of reversal and remand of that part of the cause, a settlement was effected between the appellants and the plaintiffs (Lords) which was duly approved by the trial court. The settlement between the parties was consummated by what is designated as an "Assignment of Judgment." By the terms of this instrument, the plaintiffs (Lords) did ". . . SELL, ASSIGN, and CONVEY, all [their] right, title and interest in any and all actions and causes of action of whatsoever nature against any and all parties who are or may be liable for the death of Carolyn Ann Lord, . . . and all of [their] right, title and interest in the Judgment heretofore entered in this cause, . . . *except* that the plaintiffs . . . expressly retain the right to receive the sum of . . . ($75,000) from Ohio Medical Products Co. and . . . ($50,000) from Harcon Corporation pursuant to their respective settlement agreements, and this assignment is expressly subject to such agreements. . . ." The consideration for this assignment was $1,050,000. The trial court duly apportioned such sum between the adult plaintiff and the minor plaintiffs.

By virtue of the severance and settlement between appellants and the plaintiffs (Lords) the remaining portion of this appeal concerns the rights of the appellants to indemnity or contribution from the appellees Harcon Corporation, Lambert Construction Company, and Ohio Medical Products Company. It has been stipulated by appellants that they do not further prosecute this appeal against Pierce, Goodwin and Flanagan, either individually or as a co-partnership.

During the course of the oral submission, appellants asked leave to file a post-submission brief addressed to the legal effects of the settlement made by them with the plaintiffs, particularly as to appellants' rights to indemnity or contribution. This court granted leave to file such brief on the condition that the brief be filed only for such purpose and not for the purpose of presenting any additional points or arguments not previously presented or briefed. By their post-submission brief, appellants have presented additional matters in their Reply Point No. 1 which is outside the scope of the conditional granting of leave to file such brief. Motion to strike such Reply Point No. 1 having been duly made and presented, such motion to strike is sustained and the appellants Reply Point No. 1 in its supplemental brief is ordered stricken. See *Leinert v. Sabine National Bank,* 541 S.W.2d 872 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.); *Tex.R.Civ.P. 431.*

The threshold question before this court is whether or not the settlement entered into by and between the plaintiffs below and the appellants as outlined above, precludes any recovery for indemnity or contribution by appellants over and against the appellees.

The purchase of and assignment of the original judgment in the sum of $2,000,000 over and against appellants in favor of plaintiffs (Lords) for the sum of $1,050,000 was their method of settling the plaintiffs' claims and discharging appellants' liability to plaintiffs. The judgment purchased by appellants specifically denied any and all of appellees' liability for "indemnity and/or contribution." This denial of liability on the part of appellees was based upon the verdict of the jury which exonerated appellees from any liability as to plaintiffs and as to liability for indemnity or contribution. The plaintiffs (Lords) did not appeal from this portion of the judgment, and as to plaintiffs such judgment of denial of liability is a final judgment. Because of the finality of such judgment, plaintiffs do not, at this time, have an enforceable cause of action against appellees.

The general rule of law applicable to the present status of this case is that neither contribution nor indemnity can be recovered from a party against whom the injured party (in this case, the plaintiffs) has no cause of action. See *City of Houston v. Watson,* 376 S.W.2d 23, 33 (Tex.Civ. App.—Houston 1964, writ ref'd n. r. e.), and

cases cited therein; *Safway Scaffold Co. of Houston, Inc. v. Safway Steel Products, Inc.*, 570 S.W.2d 225 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.); *City of Austin v. Cooksey*, 570 S.W.2d 386 (Tex. 1978).

By the purchase of the judgment in this settlement of appellants' liability to plaintiffs, appellants can have no more rights than those held and owned by plaintiffs. Since the plaintiffs do not now have a legally enforceable cause of action against appellees, then it necessarily follows that appellants do not have any such cause of action. There has been a final adjudication of denial of liability of appellees as to the plaintiffs.

Appellants, by virtue of the settlement and ownership of plaintiffs' judgment, now find themselves in the position of attacking the very judgment which they own. For a valuable consideration they have purchased, and now own, a $2,000,000 judgment. This judgment by its very specific terms denies any liability for "indemnity and/or contribution" against the appellees. At the time of the purchase and assignment, appellants knew of the terms of such judgment and accepted it. We do not believe they are now in a position to make any attack upon it. To permit appellants now to attack that portion of the judgment denying such liability would be, in effect, to permit the plaintiffs to make such an attack. The plaintiffs could not make such an attack since that part of the judgment is final as to these appellees and plaintiffs.

We believe there are yet other reasons for denying appellants any recovery for indemnity or contribution over and against appellees. If, for any reason, we should reverse and remand that part of this appeal concerning indemnity or contribution, what will be the posture and the rights for recovery of appellants in the new trial proceedings?

A recovery for contribution must be made in accordance with the provisions of *Tex.Rev.Civ.Stat.Ann. art. 2212a* (Vernon Supp.1978). It is specifically provided by Sec. 2(g) of such article that "All claims for contribution between named defendants in the primary suit shall be determined in the primary suit. . . ."

The appellants, by their own choice, have completely eliminated the primary suit. In the absence of the primary suit, recovery for contribution cannot be had under *Tex.Rev.Civ.Stat.Ann. art. 2212a* (Vernon Supp.1978). Therefore, even if a new trial should be granted appellants, they could not be in a position to successfully prosecute their claim for contribution.

The plaintiffs have been compensated for the damages sustained by them. They have accepted and received satisfaction in monetary payment for their damages. It is a general rule that an injured party is entitled to but one satisfaction for injuries sustained by him. That rule is not even modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. There being but one injury, there can be but one satisfaction for that injury. See *T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865 (Tex.1977); *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935); *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971). To permit appellants—who now stand in the same shoes of plaintiffs under their judgment—to recover compensation in addition to that received by the plaintiffs' compensation for their damages, is to violate such rule of "one satisfaction for their injuries." The effect of permitting appellants to recover additional compensation would be the same as permitting plaintiffs to recover additional compensation. We see no valid reason for permitting appellants to do indirectly that which the plaintiffs cannot do.

The judgment of the trial court is affirmed.

AFFIRMED.