**Kenneth L. PHIPPS, Appellant,**

v.

**Edmond D. MILLER, Appellee.**

**No. 20204.**

Court of Civil Appeals of Texas, Dallas.

March 6, 1980.

Rehearing Denied April 2, 1980.

Thomas L. Cook, Hightower, Alexander & Cook, Dallas, for appellant.

Gerald Powell, Byron L. Falk, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

Appellant, Kenneth L. Phipps, brought this action to recover for personal injuries incurred when the car of appellee, Edmond D. Miller, struck appellant's car from the rear. At a separate trial of appellee's defense of limitations, the court determined that limitations had run on appellant's claim and, consequently, entered judgment for appellee. On appeal, appellant argues that it was error to try the limitations question in a separate trial over appellant's objection, and that it was error to hold that the two year statute of limitations had run. We cannot agree with appellant's contentions and, accordingly, affirm the judgment.

On August 27, 1975, appellee's vehicle hit the vehicle driven by appellant, causing appellant bodily injuries. Both vehicles were insured by the same insurance company. On September 2, 1975, appellant received a $50.00 payment on his bodily injury claim. Negotiations between appellant and the insurance company's adjuster regarding the amount of payment to be made to appellant for his bodily injury claim continued up until late August 1977 when the adjuster advised appellant that limitations had run on his claim and that the insurance company would not pay appellant's claim. Subsequently, appellant brought this suit alleging, among other things, that the insurance company was acting for appellee, that the adjuster led appellant to believe that only the amount to be paid was in dispute and some amount would definitely be paid, and that the adjuster also led appellant to believe that he need not be in a hurry to settle because the full extent of his injuries had only recently been determined. Appellee filed a plea in bar raising the two year statute of limitations, and an answer, subject to his plea in bar. Appellee later requested a separate trial on the issue of limitations which was granted over appellant's objection.

On this appeal, appellant raises two points as showing error in the trial court's grant of a separate trial on limitations. First, he relies on *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648 (1958), wherein the supreme court held that rule 174(b) of the Texas Rules of Civil Procedure, which allows a "court in furtherance of convenience or to avoid prejudice [to] order a separate trial of any claim . . . or issues," does not permit separate trials of liability and damage issues in personal injury litigation. *Id.* at 367, 311 S.W.2d at 650. Appellant contends that the trial court's action was a clear violation of this holding. We cannot agree; *Iley* is distinguishable on its facts. In *Iley* the personal injury claim was tried to a jury, special issues were submitted and answered establishing that the defendant was liable. The jury could not agree, however, on the special issues relating to damages and, consequently, the trial court entered an interlocutory judgment on liability and ordered that a new jury be impaneled to try the damage issue. Such a trial would effectively necessitate a complete new trial with introduction of the same testimony and physical evidence as was introduced at the original trial.

Here no such situation existed. By trying the limitation issue separately, the time and expense of a full blown trial on the extent of the injury and the amount of expenses incurred were avoided. We need not determine, however, whether this consideration alone would be sufficient to allow avoidance of the *Iley* holding. An additional consideration in this case not present in *Iley* is the possibility that the existence of insurance would pervade a trial on the merits that included the issue of limitations. While the extent of appellant's injury and the amount of expenses incurred could be tried without reference to the existence of insurance, *Great American Insurance Co. v. Murray*, 437 S.W.2d 264, 266 (Tex.1969); *see* Tex. Rev.Civ. Stat. Ann. art. 3737g, § 3 (Vernon Supp.1980), the testimony of the insurance adjuster and the fact that insurance existed were critical elements in a trial of the limitations question. Therefore, not only was the trial court justified in its action because it would be "in furtherance of convenience," but also because it would "avoid prejudice." *See* Tex.R.Civ.P. 174(b); 3 R. McDonald, Texas Civil Practice § 10.26, at 70 (rev.1970). We conclude that under the facts of this case the holding in *Iley* would not preclude a separate trial, under rule 174(b), of the limitations issue.

■ Appellant next relies on our decision in *Piper v. Estate of Thompson*, 546 S.W.2d 341 (Tex.Civ.App.-Dallas 1976, no writ), to support his contention that the trial court erred in trying the limitations issue over his objection. In *Piper*, we stated that if a "plea is considered as a plea in bar, it could not properly be sustained at a preliminary hearing unless the parties agreed to this procedure . . . ." *Id.* at 343–44; *accord, Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 189, 309 S.W.2d 208, 214 (1958). Appellee acknowledges the validity of this rule, but contends that it is inapposite because this was a final and full trial on the issue of limitations pursuant to rule 174(b) as distinguished from a preliminary hearing. We agree with appellee's contention, and hold that when a separate trial of an issue raised by the pleadings is requested pursuant to rule 174(b), and a trial court grants same,

the subsequent trial, if of a matter in bar, is not a preliminary hearing to which both parties must consent in order to give validity to the decision. *See* Tex.R.Civ.P. 174(b), opinions of subcommittee on interpretation of rules; 3 R. McDonald, Texas Civil Practice § 10.26 (rev.1970).

■ In his third point of error, appellant contends that final judgment should not have been rendered based on the two year statute of limitations because his pleadings also contain allegations indicating that the insurance company and appellant had entered into an agreement that appellant would be paid something. This agreement is alleged to have persisted until the insurance company advised appellant that it would not pay his claim because limitations had run. Thus, the statute of limitations would not bar suit based on this contract, because limitations would not begin until the contract was breached in August 1977.

While we agree that appellant's pleadings include allegations that representations were made to him by the insurance company, no claim is included therein that those representations constituted a new agreement upon which appellant could recover. Rather, they appear to constitute factual allegations upon which appellant based his legal allegations of waiver and estoppel. Those two theories were not presented to us on this appeal. We cannot find where appellant's theory that his suit was based on a settlement agreement was ever pleaded or presented to the court. Thus, the issue cannot be raised for the first time on appeal. *State of California Department of Mental Hygiene v. Bank of the Southwest National Association*, 163 Tex. 314, 322, 354 S.W.2d 576, 581 (1962).

■ Appellant's final contention is that the statute of limitations was tolled by the advance payment of $50.00 and had not run at the time suit was filed. *See* Tex.Rev. Civ.Stat.Ann. art. 3737g, § 6 (Vernon Supp. 1980). Section six of article 3737g reads as follows:

The making of an advance payment tolls the running of the statute of limita-

tions until the last payment is made unless the person making the advance payment notifies the recipient in writing at the time of each payment that the applicable statute of limitations is not tolled. No notification in writing is involved here. Appellant argues that when an advance payment is made and some liability exists beyond the amount of that advance payment, limitations are tolled until the last or final payment in satisfaction of all liability is made. Appellee, on the other hand, argues that "last" means the most recent payment. Under appellee's interpretation of the statute, limitations run from the most recent advance payment. Thus, if the two year statute of limitations applies and the obligor starts making advance payments one year after the cause of action accrued, but ceases making payments two and a half years after the cause of action accrued, limitations would not have run until two years after the obligor ceased making advance payments—that is, four and a half years after the cause of action accrued. We agree with and adopt the appellee's interpretation of the statute. This interpretation reasonably accomplishes the purpose of article 3737g to "promote the making of advance payments." *See id.* § 1. Under appellant's interpretation, limitations could be perpetually tolled if an obligor made an advance payment without including a written notice that limitations was not tolled.

Under the interpretation we adopt, limitations were tolled as to this suit until the $50.00 advance payment was made on September 2, 1975. Limitations ran on September 2, 1977, and since this suit was not filed until several months thereafter, it was barred by limitations as the trial court determined.

Accordingly, we affirm the trial court's judgment.