NACOGDOCHES COUNTY,
Texas, Appellant,

v.

Danny FORE, et al., Appellees.

No. 12-81-0188-CV.

Court of Appeals of Texas,
Tyler.

July 14, 1983.

Grover Russell, Jr., Fairchild, Price, Russell & Thomas, Center, for appellant.

Robert Markowitz, Houston, Jack Sparks, Austin, Kelly Ireland, Tyler, for appellees.

McKAY, Justice.

This is an appeal from a summary judgment in favor of the Texas Department of Corrections (TDC) and against Nacogdoches County (County) rendered in the County's third-party action for indemnity and contribution against TDC.

The original plaintiff in this lawsuit, Danny Fore, was placed in the Nacogdoches County Jail by Nacogdoches County sheriff's deputies, following his arrest on a misdemeanor charge, in October 1976. At the time of his arrest, Fore was in a highly intoxicated condition. He proceeded to raise such a commotion that either the other prisoners in the jail set fire to his mattress or he himself dislodged a light fixture which set fire to it. At any rate, the mattress in his cell did catch fire and burn, causing him serious bodily injuries.

The polyurethane foam pad inside the mattress cover was manufactured by E.R. Carpenter Co. in Temple and was the source of Fore's injuries. TDC purchased these pads and mattress covers and assembled them into mattresses with prison labor. It is undisputed that the mattress in Fore's cell was purchased from TDC.

Fore filed suit against TDC alleging causes of action under the Texas Tort Claims

Act, art. 6252–19, Tex.Rev.Civ.Stat.Ann. (Vernon 1970),[1] and against Carpenter in negligence and strict liability. He thereafter amended his petition to join Nacogdoches County, its sheriff and his deputies as defendants. Carpenter's plea of privilege was sustained, and it is not involved in the present action.

County filed a motion for summary judgment based on the exemption from liability in § 14(9) of art. 6252–19, which provides that no liability arises under the Act for any claim based on an injury connected with any act or omission "arising out of the failure to provide, or the method of providing, police or fire protection." This motion was granted by the trial court, which rendered summary judgment in favor of the County in September 1979. Since the County was not severed from the main suit, said summary judgment remained interlocutory pending final judgment in the main suit.

TDC also filed a motion for summary judgment based on § 14(9) of art. 6252–19, no notice, and no evidence of negligence on its part. Along with this motion, TDC filed a motion to sever all claims against it by plaintiff Fore and by the sheriff and his deputies, who claimed indemnity and contribution from TDC as third party plaintiffs. Since TDC obtained an order of severance, and this summary judgment was not appealed, said judgment became final 30 days after it was signed. Rule 329b, Tex.R. Civ.P.

Some months thereafter, in July 1980, plaintiff Fore moved the court to set aside the interlocutory summary judgment in favor of the County, based on a decision in the interim by the Fort Worth Court of Civil Appeals holding a city liable under virtually identical facts in the case of *Forbus v. City of Denton*, 595 S.W.2d 621 (Tex.

Civ.App.—Fort Worth 1980, writ ref'd n.r. e.).[2] The trial court granted said motion, set aside the summary judgment in favor of the County, and reinstated County as a party defendant. Thereafter, with leave of court, County filed a third party action against TDC for contribution and/or indemnity. TDC filed an answer and plea in bar, and then moved for summary judgment based on res judicata, estoppel by judgment, and the rule that contribution and indemnity may not be recovered from a party against whom the injured plaintiff has no cause of action, as well as the grounds asserted in its first motion for summary judgment. The trial court rendered summary judgment for TDC, dismissed County's third party action with prejudice, and County appeals from this judgment.

■ On appeal, County contends the trial court erred in granting TDC's motion for summary judgment because the evidence raised the issues of negligence by, and actual notice to, TDC. We note however that County filed no written response to TDC's motion presenting these issues to the trial court. Therefore, we find that County is precluded from raising the issues it now asserts because they were not presented to the trial court in a written response to TDC's motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677–8 (Tex.1979); *Klafehn v. Fain*, 643 S.W.2d 227, 228–9 (Tex.App.— Fort Worth 1982, writ ref'd n.r.e.); Rule 166–A(c), Tex.R.Civ.P. We accordingly overrule County's points three and four.

■ The rule stated above does not, however, preclude the non-movant from contending on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support a summary judgment. In fact, where the non-movant files no written

---

**1.** All references to statutes are to Texas Revised Civil Statutes Annotated, unless otherwise noted.

**2.** The summary judgment rendered by the District Court in favor of the city of Denton was reversed by the appellate court on the ground that the decision by the city of Denton to fur-

nish a particular type of mattress was not such as to come within the exemption for the *formulation* of policy provided by Section 14(9) of art. 6252–19, but merely related to the *implementation* of policy and thus could subject the city to liability under the Texas Tort Claims Act.

response to the motion for summary judgment this is the *only* issue before the appellate court. *City of Houston v. Clear Creek Basin Authority, supra* at 678; *Klafehn v. Fain, supra* at 229; *Cox v. Bancoklahoma Agri-Service Corp.,* 641 S.W.2d 400, 402 (Tex.App.—Fort Worth 1982, no writ). This line of attack is taken in County's remaining two points of error.

County first asserts that the doctrines of res judicata and estoppel by judgment are not applicable to this cause. Secondly, it asserts that it *is* entitled to seek contribution or indemnity from TDC under the Texas Tort Claims Act. While we are of the opinion that the doctrine of res judicata would not apply to bar County's present action against TDC since County was not a party to the first summary judgment in favor of TDC, we are constrained to hold that TDC established its entitlement to a summary judgment as a matter of law under the doctrine discussed below.

The rule in Texas is well established that neither contribution nor indemnity can be recovered from a party against whom the injured party has no cause of action. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 553 (Tex.1981); *American Medicorp, Inc. v. Lord,* 578 S.W.2d 837, 839 (Tex.Civ.App.—Beaumont 1979, no writ); *Safway Scaffold Co. v. Safway Steel Products,* 570 S.W.2d 225, 228–9 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *City of Houston v. Watson,* 376 S.W.2d 23, 33 (Tex.Civ.App.—Houston [1st Dist.] 1964, writ ref'd n.r.e.) and cases there cited. Furthermore, this rule applies to cases in which the injured party's cause of action is extinguished by a judgment adverse to the injured party. *Schuchart & Associates, Etc. v. Solo Serve Corp.,* 540 F.Supp. 928, 949–50 (W.D.Tex. 1982); *American Medicorp, Inc., supra* at 839–40. Since the injured plaintiff, Fore, does not now have a cause of action against TDC by virtue of the valid, final summary judgment rendered in favor of TDC on Fore's cause of action, we hold that County has no right to recover indemnity or contri-

bution from TDC as a matter of law. We therefore overrule points one and two.

The judgment of the trial court is affirmed.