**BROWN & ROOT, INC., Appellant,**

v.

**RUST ENGINEERING, Appellee.**

**BROWN & ROOT, INC., Appellant,**

v.

**SALVUCCI ENGINEERS, INC., Appellee.**

**Nos. 9238, 9266.**

Court of Appeals of Texas, Texarkana.

Aug. 21, 1984.

Rehearing Denied with Opinion Sept. 18, 1984.

Second Rehearing Denied Oct. 2, 1984.

John Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Clyde Bracken, Dallas, for Rust Engineering.

Ken Sharber, Dallas, for Salvucci Engineers.

## ON MOTION FOR REHEARING

BLEIL, Justice.

Brown & Root, Inc. appeals from the trial court's dismissal of its third party complaint. Brown & Root claims that the trial court erred in dismissing its third party action for contribution and indemnity against Rust Engineering and Salvucci Engineers, Inc. We determine that in this instance the final judgment barring the injured party's cause of action against Rust and Salvucci prevents recovery against them for contribution and indemnity.

In 1976, while working for Lone Star Steel Co., Kenneth Justice injured himself on a machine erected by Brown & Root. He sued Brown & Root. Later, he sued Rust Engineering and Salvucci Engineers, Inc. for their negligent design of the machine. The trial court granted Rust and Salvucci summary judgments. The record does not reveal whether these final determinations were that Justice never had a cause of action against these defendants or that, if so, it thereafter became barred on the basis of limitations. Thereafter, Brown & Root filed third party complaints against Rust and Salvucci. Upon Rust's and Salvucci's motions, the trial court dismissed Brown & Root's causes of action. In dismissing the cases, the trial court stated no reason.

Rust and Salvucci argue that the trial court properly dismissed the case because Brown & Root failed to amend its third party complaint against them as directed by the court. The transcript contains no court order striking Brown & Root's pleadings or directing that they replead. Dismissal, if on this basis, was erroneous. *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966).

Rust and Salvucci also maintain that the summary judgments barring Justice's claims against them bar Brown & Root's claim for contribution and indemnity, relying on *Nacogdoches County v. Fore*, 655 S.W.2d 347 (Tex.App.—Tyler 1983, no writ). Brown & Root, however, counters that their cause of action cannot be barred because a cause of action for indemnity does not accrue until the rendition of a judgment against them. *Lawyers Title Co. of Houston v. Authur*, 569 S.W.2d 578 (Tex.Civ.

App.—Waco 1978, no writ), seems to support its position. While the principles announced in these cases may appear to be at odds with each other, they are not. *Lawyers Title* concerned an implied finding that the parties agreed that one would indemnify the other in the event of a financial loss. The court in that case correctly held that under those circumstances, the cause of action against the one party did not arise until the other's liability became fixed by judgment. We believe *Lawyers Title* to be inapposite.

Brown & Root urges this Court to review the summary judgments in favor of Rust and Salvucci, determine that each was granted because limitations barred Justice's otherwise valid cause of action, and follow the established law which holds that a limitations statute does not extinguish a cause of action but merely bars recovery. It cites *Missouri Pacific Railway Co. v. Southern Pacific Co.,* 430 S.W.2d 900 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) *cert. denied,* 394 U.S. 1013, 23 L.Ed.2d 39, 89 S.Ct. 1630 (1969) and *Chapman v. Mooney,* 257 S.W. 1106 (Tex.Civ. App.—Beaumont 1924, no writ). However, we have already indicated that we are unable to determine the basis on which the trial court granted the summary judgments. Therefore, we perceive no need to distinguish differences in those cases in which no cause of action ever existed and those cases in which the cause of action was barred by limitations.

Moreover, we are not persuaded that the case of *City of San Antonio v. Talerico,* 98 Tex. 151, 81 S.W. 518 (1908), relied on by Brown & Root, stands flatly for the proposition that a cause of action for contribution and indemnity cannot arise until liability is fixed by adverse judgment or payment of money to the injured party. In the *Talerico* case, the court held that the strict rules of the common law precluded the City of San Antonio from bringing into the lawsuit any other party, or from maintaining an independent lawsuit against another party, until the suit against the city terminated by judgment or until the city paid damages. Under today's procedures

Brown & Root was at liberty to claim against and bring into this suit Rust and Salvucci at any time. Tex.R.Civ.P. 37, 38.

Kenneth Justice sued Brown & Root for injuries he received while working on a machine it built. Because of the final judgments, Justice now has no cause of action against either Rust or Salvucci. Under these circumstances, Brown & Root cannot recover contribution or indemnity from Rust or Salvucci. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547 (Tex.1981); *Nacogdoches County v. Fore,* supra. This rule specifically applies to cases in which the injured party's cause of action is extinguished by an adverse judgment. *Nacogdoches County v. Fore,* supra; *American Medicorp, Inc. v. Lord,* 578 S.W.2d 837 (Tex.Civ.App.—Beaumont 1979, no writ). This being so, we find no trial court error in dismissing Brown & Root's claim for contribution and indemnity.

We affirm the judgment.