Gertrude JOHNSON, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE, Appellee.

No. 04–87–00636–CV.

Court of Appeals of Texas, San Antonio.

Nov. 23, 1988.

Rehearing Denied Dec. 23, 1988.

Alejandro C. Palacios, San Antonio, for appellant.

John Milano, Jr., Richard J. Reynolds, III, Thornton, Summers, Biechline, San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a take nothing judgment entered after a jury verdict. On August 18, 1981, Gertrude Johnson, appellant, was involved in an automobile accident with an uninsured motorist. It is undisputed that Johnson had uninsured motorist protection provided by State Farm Mutual Automobile Insurance Company, appellee. On September 14, 1981, Johnson signed a release and trust agreement which subrogated her rights of recovery against the uninsured motorist to the insurance company and released her claims for bodily injuries under the uninsured motorist provision. The consideration for the release was $75.00.[1]

On March 6, 1984, State Farm recovered property damages in a suit against the uninsured motorist. It prosecuted no suit against the uninsured motorist for personal injuries to Johnson.

Johnson subsequently sued State Farm and the uninsured motorist. In her second amended original petition she alleges as her "First Cause of Action" that she suffered damages as the result of the negligence of the uninsured motorist and, further, that State Farm failed to perform the conditions of its contractual obligations. The "Second Cause of Action" is one for breach of good faith and fair dealing directed against the insurance company. State Farm filed its motion for summary judgment, for separate trials on the two causes, and for continuance. The court granted only the motion for separate trials. The Order granting separate trials states in part:

\* \* \* \* \* \*

2. Separate trial should be had on the two causes of action asserted by Plaintiff against Defendant.

3. The first trial should be limited and it is hereby ordered to be limited to the issue of whether or not Plaintiff is entitled to recovery under her contract with Defendant or whether she has released her contractual rights and cause of action ...

\* \* \* \* \* \*

Thus, the first trial concerned one issue: the release. At the pretrial hearing counsel for Johnson told the court:

Judge, if I may, the ... case is about whether Mrs. Johnson knew that she was signing a release and trust agreement giving up her right to recover under the

---

1. *Johnson did recover under other provisions of the insurance contract. This appeal pertains* only to the uninsured motorist provision.

uninsured motorist policy that she had with State Farm.

Counsel for State Farm said:

The only issue to be tried in this case is the issue of whether or not she has a UM [uninsured motorist] claim or whether she's released it, period. And then, depending on the outcome of this, all of the bad faith claims and the damage claims and the over-reaching and everything like that is to be taken up at a separate trial. So the Court has ordered that the only issue to be tried before the jury in this case is the issue of release.

The trial court added:

So then the only question we're going to have [go] to the jury is whether she knowingly signed this release ... All we are going to do is [decide] whether she signed this knowingly or not ...

Clarifying the subject further, the trial court stated:

Because if the release is good, it's all over. If it's bad, I think you're entitled to a trial.

Acknowledging the clarification, counsel for State Farm said, "Right."

Counsel for Johnson said, "Thank you." The jury found against Johnson.

In her first point of error, appellant says that the first trial court erred in granting the motion to sever the causes and have separate trials thereon because there was only one issue to try, the issue of "bad faith."

The motion to sever the causes and have separate trials was heard a month before the jury trial herein. We have no statement of facts of that hearing before the court. Nor is there a written objection or order overruling it reflected in the record as to that ruling for separate trials. Neither are there record references showing preservation of this complaint raised on appeal. *See* TEX.R.APP.P. 74(d).

TEX.R.APP.P. 52(a) provides in part:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired

the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.... (former TEX.R.CIV.P. 372, 373)

■ The record fails to reflect that an objection to the separate trials order was made by appellant. It is clear that appellant presented no objection to the trial court at the time the order for separate trials was signed. Further, at the time of the present trial on the issue of release, which occurred approximately one month later, the record shows affirmatively that appellant voiced no objection to the separate trial. Therefore, nothing is preserved for review.

■ We add, however, that had assignment of error been preserved, the standard of review on appeal as to separate trials authorized by TEX.R.CIV.P. 174(b) is abuse of discretion. Appellate review of such an order is limited to a determination of whether the trial judge's order amounted to an abuse of discretion. *Van Dyke v. Van Dyke*, 624 S.W.2d 800, 801 (Tex.App. —Houston [14th Dist.] 1981, no writ). Under Rule 174(b) it is within the sound discretion of the trial court to order separate trials on issues which are determinative of the entire case. *Meridith v. Massie*, 173 S.W.2d 799, 800 (Tex.Civ.App.—Amarillo 1943, writ ref'd). Consequently, this was a final and full trial on the issue of release pursuant to rule 174(b). *Cf. Phipps v. Miller*, 597 S.W.2d 458 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) (separate trial on issue of limitations upheld).

■ Without reaching the merits of appellant's claim of breach of good faith and fair dealing against State Farm, if the question of abuse of discretion had been preserved, we would hold that under the facts of this case, it was no abuse of discretion for the trial court to order separate trials when the issue of release could be determinative of the entire case. This does not mean that a contract claim and a claim for breach of the duty of good faith and fair dealing may not be tried together

when possible. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 168, n. 1 (Tex.1987).

In the second point of error appellant says the objections to the submission of Special Issue One should have been sustained because there was no evidence to support its submission. The only issue submitted to the jury was as follows:

> Do you find from a preponderance of the evidence that the defendant made misrepresentations concerning the release to the plaintiff upon which plaintiff reasonably relied and causing her to sign the release?
>
> Answer "Yes" or "No."
>
> Answer: <u>No</u>

■ Appellant made no objections to the charge. Instead she submitted a requested issue which was refused. Regarding jury submissions, TEX.R.CIV.P. 273 mandates that a request by either party for any questions [special issues], definitions, or instructions shall be made separate and apart from such party's objections to the court's charge. A complaint of a defective issue is waived unless specifically included in an objection which points out distinctly the matter objected to and the ground of objection. *Hernandez v. Montgomery Ward & Co.,* 652 S.W.2d 923, 924 (Tex.1983). A request for another charge is not a substitute for an objection. *Id.* at 925. When a defectively framed special issue is contained in the court's proposed charge, the tender of a correct issue does not preserve error. *Id.;* TEX.R.CIV.P. 274; *See Templeton v. Unigard,* 550 S.W.2d 267, 269 (Tex.1976).

■ Even if this were a defective submission of an issue, where no objection was made, the judgment will not be reversed because the failure to object is considered as a waiver of the defective submission of such issue. *See Allen v. American National Ins. Co.,* 380 S.W.2d 604, 609 (Tex. 1964). Error, if any, has been waived.

Appellant next argues it was error for the trial court to refuse to submit the following requested issue:

Failed to inform Plaintiff about the extent of the coverage afforded under her policy and her rights therein.

It was the plaintiff's burden to present evidence supportive of a judgment setting aside the release. (A review of the record fails to disclose any evidence to show that Johnson was not told of the extent of the coverage and her rights thereunder.) There is evidence of a meeting between her and Pat Peche (Hall), a claims representative of the insurance company. There is evidence that on September 11, 1981, Johnson talked on the telephone with the claims representative and that a release form was mailed to her. There is further evidence that Johnson brought the release form to the insurance office on the 14th and that she signed it. Other evidence discloses that Peche, the representative, was attending a training session in Dallas on that day and that other persons handled the paperwork in her absence. It is not disputed that the other employees of the insurance company were not conversant with the particulars of Johnson's case and did not discuss it with her. The claims representative stated on cross-examination:

> Q: . . . your entry on the claim activity log for that day, you have no other written memorandum as to what you discussed with Mrs. Johnson on September 11th.
>
> A: No.
>
> Q: And you do not recall what you told her on that date?
>
> A: We discussed settlement of her claim.
>
> Q: All right. Explain for the Court and the jury what you mean by settlement of her claim.
>
> A: I explained to her that she had an uninsured motorist claim. I explained what the uninsured coverage was, and she and I agreed on a figure of $75.

Johnson was questioned on direct examination about going to the State Farm office to fill out reports and sign papers. At first she answered that she was informed at that time what the full extent of her coverage afforded her. Then she amended, "to

some extent. I was still taking medication for my pain." She was asked:

Q: Do you specifically recall Pat Peche telling you what you were entitled to under the policy?

State Farm's objection was that the question was "irrelevant to this issue that's being decided here ... That's for some other time and some other forum—We're here on one issue ... the issue of release." The court responded: "Whatever she said about the release, I'll permit, but the only question is whether the release is good or not." The court then sustained the objection. Johnson stated she never saw the release until after "that trial" [subrogation]. "But I never signed it knowingly that I was signing away my rights to a good, healthy body again." The objection was sustained.

■ As noted, the order for separate trials was signed about one month before the instant trial on release. There was no objection contesting that order. There was no question but that the purpose of the trial was to determine whether Johnson had released her claim under the uninsured motorist provision of her insurance contract. The plaintiff had the burden to present proof which would support a judgment setting aside the release. The controlling issue would thus be one which, if answered favorably to plaintiff, would form the basis of the judgment setting aside the release. *See Stone v. Metro Restaurant Supply, Inc.*, 629 S.W.2d 254, 256 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). Since the requested charge went beyond the limited scope of the trial on release, the trial court did not err in refusing to submit it. *See* TEX.R.CIV.P. 279, 277.

Even if we assume the requested charge was relevant to the instant trial, the trial court did not err in refusing to submit it. Because the issue, as stated, is multifarious, the court would have been required to speculate what the jury intended from an affirmative finding: whether State Farm failed to inform plaintiff about the extent of the coverage or whether State Farm failed to inform plaintiff of her rights under the policy. *European Import Co., Inc.*

*v. Lone Star Co.*, 596 S.W.2d 287, 290 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). No error is shown.

The judgment is affirmed.