

NUMBER 13-19-00035-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PETER BUFFA, M.D.,                                                    Appellant,

v.

UMANG KHETARPAL, M.D.,                                          Appellee.

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Peter Buffa, M.D., appeals from the trial court's granting of appellee

Umang Khetarpal, M.D.'s motion for summary judgment. By two issues Buffa argues that

(1) the trial court erred in granting Khetarpal's motion for summary judgment as to Buffa's

cross-claim, and (2) the trial court erred by severing his cross-claim against Khetarpal. We affirm.

## I. BACKGROUND

On September 15, 2016, Frank Molina, individually and on behalf of the estate of Blanca Estella Molina, deceased, Stephanie Molina, and Carlos Molina (collectively Plaintiffs) filed a health care liability claim against Buffa and additional defendants. Plaintiffs' suit alleged negligence, gross negligence, and wrongful death claims against Buffa relating to his care and treatment of Blanca.

On November 22, 2017, Buffa requested leave to designate Khetarpal as a responsible third party. Plaintiffs objected and filed special exceptions to Buffa's motion for leave. Shortly thereafter, on December 14, 2017, Plaintiffs filed their fourth amended petition, asserting a health care liability claim against Khetarpal and referencing Buffa's designation of Khetarpal as a potential responsible third party. Khetarpal answered on January 18, 2018.

On August 17, 2018, Khetarpal filed a no-evidence motion for summary judgment on Plaintiffs' claims. Later that same day, Buffa filed a cross-claim against Khetarpal for contribution. The trial court granted Khetarpal's no-evidence motion for summary judgment as to Plaintiffs' claims against him on August 20, 2018. Khetarpal filed motions for traditional and no-evidence summary judgment on Buffa's cross-claim on August 30, 2018.

A hearing was held on November 27, 2018, regarding Khetarpal's motions for summary judgment on the cross-claim and the trial court took the matter under advisement. On December 17, 2018, the trial court granted Khetarpal's motions for

summary judgment, dismissed the cross-claim, and severed the cross-claim into a separate cause number.

In a separate order entered the same day, the trial court severed Plaintiffs' claims against Khetarpal and ordered that "a final take-nothing judgment on Plaintiffs' claims against [Khetarpal] should be entered," dismissing those claims with prejudice.

This appeal followed.

## II.    DISCUSSION

Buffa contends that the trial court's granting of Khetarpal's motions for summary judgment on his cross-claim was improper "as there were fact issues raised and because the sham summary judgment obtained by [Khetarpal] of the Plaintiffs' claims against him did not support a summary judgment of the cross-claim." Additionally, Buffa argues that the trial court should not have severed the cross-claim because it was "interwoven with the remaining action and "involved the same facts and issues as the underlying suit against [Buffa]."

### A.    Summary Judgment

#### 1.    Standard of Review

A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). To do this, a defendant must conclusively negate at least one essential element of the plaintiff's claim. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). A no-evidence summary judgment motion requires the non-movant to present evidence raising a genuine issue of material fact supporting each

3

element contested in the motion. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Here, both traditional and no-evidence grounds were raised and both parties presented evidence; therefore, the "differing burdens are immaterial and the ultimate issue is whether a fact issue exists." *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019).

We review summary judgments de novo. *Id.* In doing so, we view the evidence in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). In addition, when the order granting summary judgment does not specify the grounds for the trial court's ruling, the appeals court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

### 2. Contribution

> If a defendant who is jointly and severally liable under Section 33.013 pays a percentage of the damages for which the defendant is jointly and severally liable greater than his percentage of responsibility, that defendant has a right of contribution for the overpayment against each other liable defendant to the extent that the other liable defendant has not paid the percentage of the damages found by the trier of fact equal to that other defendant's percentage of responsibility.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.015(a). The essential prerequisites for a contribution claim are a judgment finding the party seeking contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of the common liability. *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 21 (Tex. 1987). "A party is barred from seeking contribution and indemnity from a party against whom the injured party has

4

no cause of action." *Tex. Indus., Inc. v. Lucas*, 634 S.W.2d 748, 757 (Tex. App.—Houston [14th Dist.] 1982), *rev'd on other grounds*, 696 S.W.2d 372 (Tex.1984).

A defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought. *See Shoemake v. Fogel Ltd.*, 826 S.W.2d 933, 935 (Tex. 1992) (citing *Varela v. Am. Petrofina Co. of Tex.*, 658 S.W.2d 561, 562 (Tex.1983)). Thus, Buffa's claim of contribution depends upon whether the Plaintiffs have the right to recover damages from Khetarpal. Following the granting of summary judgment and trial court's take nothing-order against Plaintiffs, Plaintiffs have no cause of action against Khetarpal. *See Brown & Root, Inc. v. Rust Eng'g*, 679 S.W.2d 576, 578 (Tex. App.—Texarkana 1984, writ ref'd n.r.e.).

Buffa contends, however, that Khetarpal's summary judgment against Plaintiffs' claims was a "sham." Specifically, he argues that Plaintiffs and Khetarpal entered into an agreement that Khetarpal was entitled to summary judgment in order "to defeat a genuine contribution claim and to try and defeat a responsible third party designation." Aside from this statement and Buffa's expressed beliefs that Khetarpal and the Plaintiffs had some sort of "subterfuge" motive behind the agreed granting of summary judgment, Buffa does not present any legal argument or evidence to support this contention. Merely calling the agreement a "sham" does not negate the effect of the trial court's order granting summary judgment.

Buffa cannot maintain a contribution claim against Khetarpal where the injured party's cause of action is extinguished by an adverse judgment. *See id*. This being so, we find the trial court did not err in granting summary judgment in favor of Khetarpal.

We overrule Buffa's first issue.

5

**B.      Severance of Cross-Claim**

By his second issue, Buffa argues that the trial court erred by severing the cross-claim he brought against Khetarpal because it involved the same facts and issues as the Plaintiffs' claims against Buffa. However, as pointed out by Khetarpal, Buffa has waived his right to complain about the severance on appeal because he did not object to the severance in the trial court. *See* TEX. R. APP. P. 33.1; *Guerra v. Tex. Dep't of Protective & Regulatory Servs.*, 940 S.W.2d 295, 299 (Tex. App.—San Antonio 1997, no pet.). Therefore, this issue is not preserved for review. *See Johnson v. State Farm Mut. Auto. Ins.*, 762 S.W.2d 267, 269 (Tex. App.—San Antonio 1988, writ denied).

Buffa's second issue is overruled.

### III.      CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed the
5th day of March, 2020.

6