Mary Lee JAMERSON

v.

Carl G. MILES, Individually and d/b/a Miles Brothers General Contractors and J. M. Friedman.

No. CA 3–75–0900–C.

United States District Court, N. D. Texas, Dallas Division.

Oct. 18, 1976.

**108**

Robert M. Warner, Zimring & Warner, Dallas, Tex., for plaintiff.

Paul J. Chitwood, Chitwood, Riley & Snyder, Inc., Dallas, Tex., for Carl G. Miles.

Robert L. Dillard, III, Saner, Jack, Sallinger & Nichols, Dallas, Tex., for J. M. Friedman.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiff Mary Lee Jamerson brought this action against defendants Carl G. Miles and J. M. Friedman for alleged violations of the Truth in Lending Act,

1. In addition to her federal claim, plaintiff has alleged 1) that defendant Miles breached a repair and remodeling contract entered into with plaintiff, 2) that the mechanic's lien which was part of the above contract was defectively executed, hence void, and 3) that defendant Miles violated the Texas Deceptive Trade Practices Act, Tex.Rev.Civ.Stat.Ann. art. 5069–13.03 (1973).

2. Plaintiff's complaint cites 15 U.S.C. § 1601 et seq. (1968) as authority for the Court's jurisdiction. The allegation is incorrect. The only arguable jurisdictional grant within the Truth in Lending Act that might apply here is 15 U.S.C. § 1640(e), which provides for the bringing of any action permitted by section 1640 in any U.S. district court "within one year from the date of the occurrence of the violation." Plaintiff cannot rely on this provision because of the one year limitation, and because section 1640(e) applies only to actions to enforce sec-

specifically 15 U.S.C. § 1635(a) (1968).[1] Jurisdiction lies under 28 U.S.C. § 1337 (1964), which gives the district courts original jurisdiction of any civil action arising under an act of Congress regulating commerce.[2] All parties are residents of the State of Texas.

The facts surrounding this controversy are as follows.

On February 21, 1972, plaintiff Jamerson and her husband, now deceased, entered into a written contract with defendant Miles, for repairs and remodeling of the Jamerson residence. At the time the contract was signed, plaintiff and her husband also executed a promissory note for $8,000 and a mechanic's lien in favor of defendant Miles, giving him a security interest in the Jamerson residence.

On April 6, 1972, defendant Miles transferred the above mechanic's lien to defendant J. M. Friedman. Plaintiff and her husband then signed a new promissory note and deed of trust in favor of Friedman.

More than three years later, on May 22, 1975, plaintiff notified defendant Miles that she wished to rescind the above contract. On June 9, 1975, plaintiff claims that defendant Friedman was also notified. Plaintiff based her rescission notices on both defendants' alleged failure to comply with 15 U.S.C. § 1635(a) (1968).[3] The statute, which is part of the Truth in Lending Act,

tion 1640 rights. *Littlefield v. Walt Flanagan & Co.,* 498 F.2d 1133 (10th Cir. 1974).

In an action involving the right to rescission under section 1635, federal jurisdiction is proper under 28 U.S.C. § 1337 (1964), *Id.* at 1135, without regard to the amount in controversy. *Bloomfield S. S. Co. v. Sabine Pilots Ass'n.,* 262 F.2d 345 (5th Cir. 1959) *petition for cert. dismissed,* 368 U.S. 801, 82 S.Ct. 20, 7 L.Ed.2d 15 (1961). Of course, if the amount in controversy exceeds $10,000, exclusive of interest and costs, jurisdiction would also be proper under 28 U.S.C. § 1331 (1964).

3. 15 U.S.C. § 1635:

(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor

requires that in the case of any consumer credit transaction creating a security interest in real property used as the residence of a debtor, the creditor must clearly and conspicuously disclose to the obligor his right to rescind the transaction. Plaintiff contends that neither defendant ever made such a disclosure, and hence, plaintiff had an unlimited period of time within which to rescind the contract.

When both defendants refused to honor plaintiff's rescission by returning the payments they had received from her, as required by section 1635(b), plaintiff brought this suit, seeking 1) rescission of the repair contract, 2) cancellation of the security interest against her home, and 3) judgment against the defendants for any and all sums paid to them by her, plus reasonable attorneys fees, interest and costs.

The case is now before the Court on two motions. Plaintiff has moved for summary judgment pursuant to Fed.R.Civ.P. 56, claiming that no genuine issue as to any material fact exists and that she is entitled to judgment as a matter of law. Defendants Friedman and Miles have moved to dismiss the plaintiff's action, arguing that she is barred from recovery for failure to bring her suit within three years as prescribed by 15 U.S.C. § 1635(f) (1974).[4]

### Motion for Summary Judgment

Plaintiff's motion for summary judgment is based on defendant Miles' original an-

swer, in which he admitted that plaintiff was never advised, prior to the giving of a security interest in her residence, of her right to rescind the transaction. On July 15, 1976, however, the Court granted defendant Miles leave to amend his answer.[5] The amended answer denies that plaintiff was not advised of her right to rescind, and includes what purports to be a right to rescission notice.

■ Because defendant Miles' amended answer creates a genuine issue as to a material fact, i. e., whether or not plaintiff was notified of her right to rescission, plaintiff's motion for summary judgment must be overruled. Fed.R.Civ.P. 56(c).

### Motion to Dismiss

The motion of both defendants to dismiss plaintiff's action for limitations reasons presents a more difficult question. As stated earlier, under section 1635(a), an obligor such as plaintiff has a right to rescind certain credit transactions until all disclosures required to be made under the section are revealed. Plaintiff has alleged that she was never notified of her right to rescind, as required by the above section, and that therefore her right to do so continued indefinitely.

That the right to rescind under section 1635(a) was originally intended by Congress to continue indefinitely, absent disclosure by the creditor, cannot be doubted.

---

shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section.

4. Arguably, the basis of defendants' motions is an affirmative defense, and as such, should be

decided on summary judgment or after trial. However:

"When there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and nothing further can be developed by pretrial discovery or a trial on the issue, the recent cases seem to agree that the matter may be disposed of by a motion to dismiss." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1277 at 332 (1969), citing *Larter and Sons, Inc. v. Dinkler Hotels Co.,* 199 F.2d 854 (5th Cir. 1952).

5. "No longer is a party to be irrevocably bound to the legal or factual theory of his first pleading." 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1471 at 359 (1971).

In substance, section 1635 vests a *continuing power of rescission* in the credit purchaser until three days following delivery of statutorily prescribed disclosures whenever as an incident of the credit transaction a security interest is acquired in the debtor's realty which he uses as his residence (emphasis added).

*Sosa v. Fite,* 498 F.2d 114 (5th Cir. 1974).

The open-ended nature of the rescission right, however, ended on October 28, 1974, when Congress amended section 1635 to include a new subsection (f), which imposed a three-year limitation on the right to rescind:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs earlier, notwithstanding the fact that the disclosures required under this section or any other material disclosures required under this chapter have not been delivered to the obligor.

Act of Oct. 28, 1974, Pub.L. No. 93–495, § 405, 88 Stat. 1517, 1519.

The question which the Court must now resolve is whether the above statute precludes plaintiff in the instant case from asserting her right to rescind. Defendants argue that it does, that plaintiff lost whatever right she might have had under section 1635(a) because this action was brought five months after the expiration of the above three year limitation period. Plaintiff disputes this contention, claiming that the limitation did not begin to run until enactment of section 1635(f) in October, 1974.

The resolution of this controversy turns upon a determination of whether section 1635(f) is a true statute of limitation, i. e., one that limits the right to enforce a *remedy*. If so, the statute must be applied prospectively, *Sohn v. Waterson,* 17 Wall. 596, 84 U.S. 596, 21 L.Ed. 737 (1873), giving plaintiff until October 28, 1977, to pursue her remedy. If, however, subsection (f) is not a true statute of limitation, but rather one that limits the substantive *right* to rescind created by subsection (a), then plaintiff's right was extinguished on October 28, 1974, when the statute was enacted.

Plaintiff's argument that § 1635(f) is a true statute of limitation, requiring a prospective application, is buttressed by several factors. First, the Truth in Lending Act, of which section 1635 is a part, has always been given a liberal construction by the courts in order to further its purposes:

> The Act is designed to prevent "unscrupulous and predatory creditor practices," is remedial, and must be liberally construed to effectuate the intent of Congress.

*Littlefield v. Walt Flanagan & Co.,* 498 F.2d 1133 (10th Cir. 1974). Plaintiff thus contends that section 1635(f) be construed to allow suits rather than bar them, given the fact that the statute does not specifically state whether it is to be applied prospectively or retroactively.

A second point in plaintiff's favor is the conference committee report on Public Law 93–495, which described the enactment of section 1635(f) as part of "a series of *basically technical amendments* designed to improve the administration of the Truth in Lending Act," (emphasis added). H.R.Conf. Rep. No. 93–1429, 93d Cong., 2d Sess. (1974), U.S.Code Cong. & Admin.News 1974, pp. 6119, 6152. If section 1635(f) was enacted to cut off existing rights under the Truth in Lending Act, it might be argued that Congress would describe the statute as something other than "basically technical."

Although the above factors lend some support to plaintiff's position that section 1635(f) restricts the time in which a right can be enforced, rather than terminating the right itself, those factors must bow in the face of more compelling arguments.

The right which plaintiff attempts to assert in this case is one created solely by Congressional statute, i. e., no such right existed at common law. The same statute that creates the right, 15 U.S.C. § 1635(a), now includes a three year limitation on that right, 15 U.S.C. § 1635(f). Such limitations are construed differently from other statutes of limitation:

Statutes of limitation are to be distinguished from statutes which create a right of action not existing at common law and restrict the time within which action may be brought to enforce the right. Although the general rule is that a true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself, the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also; the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever.

51 Am.Jur.2d, *Limitation of Actions* § 15 (1970).

Relying on the above authority, the District Court in *Fenton v. Citizens Savings Ass'n.,* 400 F.Supp. 874 (W.D.Mo.1975), held that the time limitation in section 1640(e) of the Truth in Lending Act was jurisdictional, not merely a statute of limitations, explaining:

> . . . where the time-barring provision is a part of the very statute that creates the cause of action not existing at common law, and where it is the clear intent of Congress as shown in the statute that the bringing of the action within the time period is a condition of establishing jurisdiction, the failure to assert the cause of action by bringing suit within that time period results in the District Court not having jurisdiction over the subject matter.

400 F.Supp. at 879.

The facts of the case *sub judice* clearly place it within the confines of the *Fenton* rule. The right to rescission in subsection

(a) and the new time barring provision in subsection (f) are both encompassed within section 1635; the section creates a right that did not exist at common law; and finally, the jurisdictional requirement of section 1635(f) is evidenced by the language of the statute, which mandates that an "obligor's *right* of rescission *shall expire*" if not brought within three years (emphasis added).

 By enacting section 1635(f), Congress did not merely limit the time period within which the right to rescission could be asserted. It actually limited to three years the existence of the right itself.[6] Because plaintiff failed to bring this action within three years after she acquired the right to rescind, the case must be dismissed for lack of subject matter jurisdiction.

---

**6.** Also supporting defendants' claims that plaintiff's right to rescind had expired before the filing of this action is the fact that Public Law 93–495, of which section 1635(f) was a part, also contained the following provision:

> This title takes effect upon the date of its enactment, except that sections 409 and 411

take effect upon the expiration of one year after the date of its enactment.

Act of Oct. 28, 1974, Pub.L. No. 93–495, § 416. Had Congress intended to delay the application of section 1635(f), it could easily have included it within the exceptions of the foregoing provision. The fact that it did not is instructive.