**FORT WORTH CAPITAL CORPORATION, Stewart DeVore, Sr., and Theodore Olin Moeller, Appellants,**

v.

**J. Peyton HUNTER, Jr., Graeme Hunter, G. W. Hayes, Jr., M. G. Hunter, Deceased, H. F. Tobe and Harold F. Eltrich, Appellees.**

No. 18332.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 20, 1980.

Rehearing Denied Dec. 11, 1980.

McBryde, Bogle & Greene and John H. McBryde, Fort Worth, for Capital Corp. and Stewart DeVore, Sr.

Thorne, Thorne & Robertson, Inc. and Michael A. Robertson, Grand Prairie, for Theodore Moeller.

Jackson, Walker, Winstead, Cantwell & Miller and C. Steven Matlock, Dallas, for appellees.

## OPINION

SPURLOCK, Justice.

Appellant, Theodore Olin Moeller, was employed by Dover Elevator Company when he was struck by a falling elevator.

Moeller, now permanently injured, sued multiple defendants, including his employer, the prior and present building owners (including Fort Worth Capital Corporation, appellant), manufacturers of various elevator parts, and directors of the now-dissolved Hunter–Hayes Elevator Company and H. H. Hunter Corporation, companies involved in the installation and original maintenance of the elevator. After severance from the remaining defendants, summary judgment was granted to J. Peyton Hunter, Jr., Graeme Hunter, G. W. Hayes, Jr., M. G. Hunter (now deceased), H. F. Tobe and Harold F. Eltrich (hereafter referred to as appellees). Summary judgment was based solely on Tex.Bus.Corp.Act. Ann. art. 7.12 (1980) *. Moeller, Fort Worth Capital Corporation and Stewart DeVore, Sr., director and major stockholder of Fort Worth Capital Corporation, appeal that summary judgment.

We reverse and remand.

The sole ground in the motion for summary judgment is that the three–year period in art. 7.12 had expired prior to the time that the suit was filed. Art. 7.12 reads:

"A. The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in this Act, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its officers, directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within three years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim. If such corporation was dis-

---

* All references are to Tex.Bus.Corp.Act.Ann. unless otherwise noted.

solved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of three years so as to extend its period of duration."

Hunter–Hayes Elevator Company installed the elevator involved in the accident in 1960 and performed inspection and maintenance services under a written agreement with the owner of the building until 1963. On November 1, 1963, Hunter–Hayes sold its business to Dover Corporation, and thereafter changed its name to H. H. Hunter Corporation. Appellees named above are surviving shareholders to whom Hunter–Hayes assets were distributed. A certificate of dissolution of H. H. Hunter Corporation was issued by the Secretary of State on March 11, 1964. Appellant Moeller alleges that in June of 1961, during the time that Hunter–Hayes was responsible for maintenance of the elevator, the oil line carrying hydraulic fluid to the pit of the elevator was replaced, and at that time, the shut–off valve located in the pit was left in a dangerous condition. Faulty installation or modification of the valve when the oil line was replaced is alleged to be the cause of the accident which left Moeller permanently injured. The accident occurred in May of 1975, approximately eleven years after the corporation was dissolved. Summary judgment was granted solely on the basis of art. 7.12 because the suit was filed more than three years after the corporation was dissolved.

Art. 7.12 was enacted in 1955 and is a section of the Model Business Corporation Act. Since the 1955 enactment, at least two Texas cases have permitted recovery of corporation assets from distributees after the corporation has been dissolved under the trust fund theory. This trust fund theory is explained in 19 Am.Jur.2d *Corporations* sec. 1659 (1965) as follows:

"Apart from statutory provisions which frequently embody the following rule also, the general equitable rule now followed in this country is that upon the dissolution of a corporation, the property and assets of the corporation constitute a trust fund for the benefit of its creditors and stockholders. . . . Stated in another way, the rule is that after the dissolution of a corporation, its property passes to its stockholders subject to the payment of the corporate debts. . . ."

Plaintiff's fifth original petition, in paragraph V(d) identifies appellees as surviving shareholders and claims that "[a]ll distributions received by said shareholders constitutes a trust fund . . . for the benefit of persons injured by the negligent acts and omissions of the corporation prior to dissolution." The trust fund basis for liability is thus distinctly different from the provisions of art. 7.12.

In *Wortham v. Lachman–Rose Co.*, 440 S.W.2d 351, 353 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ), the court held that assets distributed upon dissolution were held for the benefit of the corporation's creditors. A second Texas case since art. 7.12 was enacted is *State v. Liquidating Trustees of Republic Petro. Co.*, 510 S.W.2d 311, 312 (Tex.1974). The supreme court in that case stated:

"It is conceded by the parties that both Texas and New Mexico follow the general equitable rule that upon dissolution of a corporation, its assets constitute a trust fund for the benefit of its stockholders and creditors, with the surviving directors serving as liquidating trustees. . . ."

We recognize that the case above dealt with escheat of dividends of a defunct corporation which had been dissolved for 24 years, but in view of the language of the supreme court, summary judgment for these appellees could not be based on art. 7.12 without consideration of the trust fund doctrine.

Each of appellant's points of error has been considered and each is sustained; each of appellees' counterpoints is overruled. For the reasons stated above, the judgment of the trial court granting severance and summary judgment is reversed, and this case is remanded for trial.