Kenneth POWELL, Individually and as Personal Representative of the Estate of Norma Jean Powell and as next friend for Donna Powell

v.

CHARLES OFFUTT COMPANY, et al.

v.

The BUDD COMPANY, et al.

No. TY–80–132–CA.

United States District Court,
E.D. Texas,
Tyler Division.

Nov. 23, 1983.

James E. Brown, Briggs, Brown & Berkley, Dallas, Tex., for plaintiffs.

H. Kelly Ireland, Potter, Guinn, Minton, Roberts & Ireland, Tyler, Tex., for defendant.

James Edward Maloney, Baker & Botts, Houston, Tex., for Firestone Tire and Rubber Co.

Thomas G. Nash, Jr., Dallas, Tex., for Freightliner Corp.

## MEMORANDUM OPINION AND ORDER

STEGER, District Judge.

This lawsuit arises out of an accident that occurred on October 23, 1978 in which Kenneth Powell, Plaintiff, was injured and his spouse, Norma Jean Powell, was killed. Plaintiff alleges that the accident occurred when the tire and wheel-rim assembly on the tractor-trailer rig in which he and his spouse were riding came apart, ultimately causing him to lose control of his vehicle and crash. The original action, filed October 30, 1980, was brought against Charles Offutt Company (Offutt) who had sold and mounted the tire and tube.

On September 16, 1982, Offutt filed its Second Third-Party Complaint seeking contribution and/or indemnity from five third-party defendants,[1] including Firestone Tire & Rubber Company (Firestone) and Freightliner Corporation (Freightliner), all of which were involved in the design, manufacture or sale of truck tires and/or wheel-rim assemblies. Subsequently, on October 8, 1982, Plaintiff filed its Second Amended Original Complaint naming as additional defendants the five companies named in Offutt's third-party action.

On June 13, 1983, Firestone was granted summary judgment as to all claims by Plaintiffs. Thereafter, on June 20, 1983, summary judgment was granted in favor of Freightliner as to Plaintiff. Firestone and Freightliner have brought these motions for summary judgment contending that all claims for indemnity and/or contribution asserted by Offutt are completely derivative in nature and exist only so far as Plaintiffs' claims against them exist. Thus, it is asserted that such claims by Offutt are barred as a result of the summary judgments entered against Plaintiffs in favor of Firestone and Freightliner.

The parties appear to be in agreement that, under Texas law, the rights of indemnity and contribution are not independent causes of action, but exist only as derivatives of the primary plaintiff's cause of action. *Varela v. American Petrofina*

[1.] The five defendants in Offutt's third-party action were Freightliner Corporation, Goodyear Tire & Rubber Company, Firestone Tire & Rubber Company, Kelsey-Hayes Company, and Budd Company. Goodyear, Kelsey-Hayes, and Budd were granted summary judgment as to Plaintiff's claims on June 1, 1983, and as to Offutt's third-party claims for contribution and indemnity on September 9, 1983. An additional Defendant, Aluminum Company of America (ALCOA), was joined by Plaintiff but was also granted summary judgment as to Plaintiff's claims.

*Company of Texas, Inc.,* 658 S.W.2d 561 (Tex.1983); *Grove Manufacturing Co. v. Cardinal Construction Co.,* 534 S.W.2d 153, 156 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *City of Houston v. Watson,* 376 S.W.2d 23, 33 (Tex.Civ. App.—Houston 1964, writ ref'd n.r.e.). *See also West Texas Utilities Co. v. Renner,* 53 S.W.2d 451 (Tex.Com.App.1932, holding approved). By reason of the derivative nature of such claims, the Texas courts have consistently held that neither contribution nor indemnity are recoverable from a third party against whom the injured party has no cause of action. *Varela, supra* at 562; *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 553 (Tex.1981); *Nacogdoches County v. Fore,* 655 S.W.2d 347, 350 (Tex. App.—Tyuler 1983); *American Medicorp, Inc. v. Lord,* 578 S.W.2d 837, 839 (Tex.Civ. App.—Beaumont 1979, no writ); *Safway Scaffold Co. v. Safway Steel Products,* 570 S.W.2d 225, 228–29 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Watson, supra* at 33. Furthermore, numerous courts have recognized that this rule is especially applicable in cases where the protected co-tortfeasor's or third-party defendant's liability has already been extinguished by a judgment in his favor. *Schuchart & Associates, Etc. v. Solo Serve Corp.,* 540 F.Supp. 928, 949–50 (W.D.Tex. 1982); *Nacogdoches County, supra; American Medicorp, supra* at 840.

One of the policy reasons beyond the rule prohibiting the recovery of contribution or indemnity is to prevent a party from doing indirectly what the legislature or the courts have said he cannot do directly. *See Grove Manufacturing, supra* at 156. Where an injured party, for some reason, would have no right of recovery from a co-tortfeasor or third-party defendant, it has been consistently held that the third-party plaintiff or other co-tortfeasor is not entitled to recover contribution or indemnity for any damages he may ultimately have to pay. *See Varela, supra; Hunter, supra.* This issue has arisen in cases involving an employer who is protected through the Worker's Compensation Act from liability to an injured employee, *Varela, supra,* at 562, or

where the State or other governmental subdivision is protected by sovereign immunity, *City of Houston v. Selph,* 356 S.W.2d 850 (Tex.Civ.App.—Houston Dist.1961, no writ), or, as in this cause, where the running of the statute of limitations has precluded recovery by the injured party from the co-tortfeasor or third-party defendant, *Hunter, supra.* To allow recovery in such an instance would be to allow the injured plaintiff to circumvent the particular statutory or constitutional bar that precludes a direct right of action.

It is Offutt's contention, however, that although the general rule as set out by such cases as *Varela* and *Hunter* may be correct, the facts of the case at bar fall within an exception to the general rule. Offutt argues that when the statute of limitations on an injured party's claim expires, such does not destroy the cause of action, but merely bars the right to enforce the remedy. Thus, Offutt asserts that when the only reason an injured party cannot recover from a co-tortfeasor or third-party defendant is because the statute of limitations has expired, a co-tortfeasor or third-party plaintiff should be allowed to recover contribution or indemnity.

Therefore, it becomes apparent that the viability of the claims of Offutt for contribution or indemnity is dependent upon whether, under Texas law, there is an exception to the general rule that would allow recovery of contribution or indemnity when the co-tortfeasor or third-party defendant is protected from liability to the injured party by reason of a statute of limitations.

In support of its proposition that contribution and indemnity should still be allowed when the Plaintiffs' cause of action against the third-party defendant is barred by limitations, Offutt relies on *Missouri Pacific Railroad Co. v. Southern Pacific Co.,* 430 S.W.2d 900 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) and the cases cited therein. Offutt contends that the court in *Missouri Pacific* recognizes the limitations exception that it now requests this Court to follow.

In *Missouri Pacific,* the plaintiff, Southern Pacific, brought an action against Missouri Pacific to recover indemnity or contribution for amounts it had paid in settlement to an injured employee of Southern Pacific. The employee had been injured in September 1959 while switching a car owned by Missouri Pacific. On March 27, 1962, a settlement was entered into between the injured employee and Southern Pacific. Although the employee's cause of action against Southern Pacific was subject to the three-year statute of limitations under the Federal Employer's Liability Act,[2] the common-law negligence claims against Missouri Pacific were governed by the two-year statute of limitations [3]. *Missouri Pacific, supra* at 904. Thus, at the time of settlement, the cause of action of the injured employee against Missouri Pacific was barred by limitations.

In an action by Southern Pacific to recover the amounts it had paid in the settlement, Missouri Pacific asserted that it could not be liable indirectly, by indemnity, when the injured party, because of limitations, no longer had any right to recovery against them. The court recognized that in cases involving multiple tortfeasors, there may be situations where one of the co-tortfeasors is protected by law from liability to the injured party. *Id.* As mentioned above, these include the situation where one of the tortfeasors is an employer who is immune from liability because of the worker's compensation statutes and where sovereign immunity protects a city or other governmental body who is sued as a co-tortfeasor or third-party defendant. However, the court then attempted, on some questionable authority, to draw a distinction between these situations and those where the co-tortfeasor or third-party defendant is immune from liability by reason of the running of limitations.

The court sought to justify this distinction by stating that the running of the statute of limitations did not destroy the pre-existing liability, it merely deprived the injured party of the right to enforce his claim. Thus, the existence of this "cause of action," though barred, could still provide the basis for a claim of indemnity by the unprotected co-tortfeasor.

In holding that Southern Pacific was entitled to full indemnity, the court apparently based its decision on two cases, *City of San Antonio v. Talerico,* 98 Tex. 151, 81 S.W. 518 (1904) and *Chicago, Rock Island & Pacific Ry. Co. v. United States,* 220 F.2d 939 (7th Cir.1955), whose facts it felt were closely analogous. The court seemed to indicate that these two cases supported the exception that the running of limitations on the plaintiff's claims does not affect the recovery of indemnity by a co-tortfeasor or third-party defendant. *Id.* at 905. Upon examining those decisions, it seems to this Court that the *Missouri Pacific* court's reliance is misplaced.

In those cases, the courts were not dealing with the effect the running of limitations on the plaintiff's claim had on the rights to indemnity or contribution. The right to recover indemnity had already been established. *Chicago, Rock Island & Pacific, supra* at 941–42; *Talerico, supra* 81 S.W. at 519. Instead, the issue with which those courts were concerned was when the limitations period began to run on the *indemnity claims* of the third-party plaintiffs. In addressing this issue, each court recognized that the limitations period which governs the plaintiff's claims is separate and distinct from the limitations period that controls the cause of action for indemnity or contribution. *Chicago, Rock Island & Pacific, supra* at 942; *Talerico, supra* 81 S.W. at 529. The court in *Chicago, Rock Island & Pacific* specifically stated that the question before it was "whether the two-year limitation period commenced to run on the date payment was made [in settlement of the plaintiff's claim] or on the date the injuries were sustained." *Chicago, Rock Island & Pacific, supra* at 942.

---

**2.** 45 U.S.C. § 56.

**3.** *Tex.Rev.Civ.Stat.Ann.* art. 5526. (Vernon 1958).

Since the courts in these cases were concerned only with limitations period on indemnity or contribution claims and not with how the running of limitations on the plaintiff's claim affected the right to recover contribution or indemnity, their rulings do not seem to provide a sound basis for the exception the court in *Missouri Pacific* sought to recognize. Such an exception was then, and still is, inconsistent with the general rule as espoused by the overwhelming majority of Texas courts.

Practically, this Court has extreme difficulty in accepting the tenuous distinction attempted to be made by the court in *Missouri Pacific*. From this Court's examination of the nature of these various procedural bars to recovery, there appears to be little difference, if any, between the situation where an injured party's cause of action is barred by sovereign immunity or employer immunity and that where the action is barred by limitations. In all three instances, the plaintiff still has his cause of action. He is merely prevented, by the relevant statutory or constitutional provision, from seeking recovery against the protected party. Thus, based upon the rather untenable justifications and authority provided by Offutt, this Court cannot reasonably infer that such a distinction exists.

In one of their most recent discussions of the general rule prohibiting recovery of contribution or indemnity, the Texas Supreme Court addressed the issue in the context of a limitations statute found in the Texas Business Corporation Act[4]. *Hunter, supra*. In *Hunter*, the plaintiff, an elevator serviceman, was injured by a falling elevator while working at the bottom of the elevator shaft. Plaintiff thereupon brought an action against the former shareholders of the dissolved corporation that had installed the elevator. *Id.* at 548. The original installer, Hunter-Hayes Elevator Company, had installed the elevator in 1960 and then inspected and serviced it until February 1, 1964 when it transferred its assets to another corporation. *Id.* On March 11, 1964, Hunter-Hayes, under its new name, H.H. Hunter Corporation, was issued a certificate of dissolution by the Secretary of State. It was not until some eleven years later, in May of 1975, that Plaintiff was injured and commenced his lawsuit. *Id.*

The Plaintiff sued the former shareholders of Hunter-Hayes and others[5] to recover damages, alleging theories based on negligence and strict liability. The other defendants subsequently filed cross-actions against the shareholders seeking both contribution and indemnity. In response, the shareholders sought summary judgment on the original action and the cross-actions on the grounds that both were barred because such claims had not been brought within three years after the corporation dissolved as required by the limitations provisions of Article 7.12.[6]

The trial court granted summary judgment in favor of the shareholders and severed out all causes of action against them. Both the Plaintiff and Cross-Plaintiffs appealed. The Court of Civil Appeals reversed the judgment and remanded the cause for trial. *See Fort Worth Capital Corp. v. Hunter*, 608 S.W.2d 352 (Tex.Civ. App.—Fort Worth 1980).

The Texas Supreme Court, in reversing the Court of Civil Appeals and affirming the trial court's summary judgment, reaffirmed the general rule in stating that neither contribution nor indemnity are recoverable from a party against whom the injured party has no cause of action. *Hunter, supra* at 553. The court went on to hold that the Plaintiff, having failed to comply with the provisions of Article 7.12, had no right to recover from the shareholders and, therefore, the Cross-Plaintiffs had

---

**4.** *Tex.Bus.Corp. Act Ann.* art. 7.12 (Vernon 1980).

**5.** There were six other defendants involved in the lawsuit. *Hunter, supra* at 548, n. 2.

**6.** *Tex.Bus.Corp. Act Ann.* art. 7.12 (Vernon 1980).

no right of contribution or indemnity from the shareholders. *Id.*

Offutt attempts to distinguish the application of *Hunter* to this cause by claiming that the particular limitations statute in that case, Article 7.12 of the Texas Business Corporation Act, is an exception to the general rule that the running of the limitations period doesn't destroy the cause of action, but merely bars the remedy. This exception revolves around the idea that there are basically two types of limitations statutes: (1) procedural—those that limit the time in which a right that was enforceable at common law may be brought, and (2) substantive—those which not only create a cause of action that was not available at common law, but simultaneously create a limitations period by which the action is to be governed. *See, e.g. Jamerson v. Miles,* 421 F.Supp. 107 (N.D.Tex.1976); *Franco v. Allstate Insurance Co.,* 505 S.W.2d 789 (Tex.1974); *Francis v. Herrin Transportation Co.,* 432 S.W.2d 710 (Tex. 1968).

Under the substantive type of statute, the limitations period is an integral part of the statutorily-created cause of action. The right to recovery depends upon whether the party brings the action under the time designated by the statute. *Jamerson, supra.* Consequently, if that period lapses without commencement of the action, the right to recovery no longer exists. *Id.* Offutt asserts that Article 7.12 should be classified as a "substantive" limitations statute and would thus have this Court believe that the rule in *Hunter* regarding contribution and indemnity is applicable only where the statute creates a limitations period along with a new right of action which it is to govern.

While this Court recognizes that these rules concerning substantive and procedural statutes of limitations are in most respects correct, it is the Court's opinion that such are merely not applicable to the statute in *Hunter.* It is apparent from the Texas Supreme Court's discussion in *Hunter* and from the history of the statute itself that Article 7.12 does not attempt to create a new cause of action for a person who is in some way damaged or injured by a corporation. *Hunter, supra* at 550–52. It merely allows for the survival of a *pre-existing* cause of action beyond the legal existence of the corporate entity. This is evidenced in the language of the statute where it states that

[t]he dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation ... for any *right or claim existing,* or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within three years after the date of such dissolution. (Emphasis added).

*Tex.Bus.Corp. Act Ann.,* art. 7.12 (Vernon 1980). The statute makes no attempt to create new claims or actions. Its purpose is simply to preserve "any remedy available" to the injured party. *Id.* As such, the language of Article 7.12 is similar in nature to other types of procedural limitations statutes in that it seeks only to bar the available remedies when an action is not brought within the three-year period.

For example, if a person is injured through the negligence of a corporation and one year later the corporation dissolves, Article 7.12 allows the already existing cause of action for negligence to survive past the dissolution of the corporation. It is apparent in such a case that the statute has created no new cause of action since, had the person brought the suit before the dissolution, the three-year limitation period would not even have been applicable.

 Having examined the arguments and authority of the parties as to the applicable rules of law in this cause, the Court strongly believes that it would be more consistent with Texas law to apply the general rule precluding recovery for contribution or indemnity in all situations, including those in which the third-party is protected from liability by the running of the statute of limitations. The Texas Supreme Court had both the opportunity and the law before it in *Hunter;* yet, it refused to recog-

nize such an exception to the long-established rule as Offutt would have this Court do today. It is not the duty or privilege of this Court to second guess the highest court of this State or to inject itself into the development of state substantive law. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This Court's task is to seek out the applicable rules and principles, where such exist, as propounded by the courts of this State and to apply such law as it finds it. *Harris v. Atchison, T. & S.F. Ry. Co.,* 538 F.2d 682, 690 (5th Cir.1976); *Sheppard Federal Credit Union v. Palmer,* 408 F.2d 1369, 1372 (5th Cir.1969); *Castilleja v. Southern Pacific Co.,* 406 F.2d 669, 675 (5th Cir. 1969); *Missouri Pacific Railroad Co. v. Owen,* 306 F.2d 887, 890 (5th Cir.1962).

The Court finds that since the Plaintiffs have no cause of action against Firestone or Freightliner by reason of the entry of summary judgment in favor of such Third-Party Defendants, it follows as a matter of law that Defendant Charles Offutt Company is not entitled to contribution or indemnity from Firestone or Freightliner.

Therefore, this Court is further of the opinion that there exists no genuine issue of material fact to be resolved in this cause and that Firestone and Freightliner, as Third-Party Defendants, are entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Motions for Summary Judgment of Firestone Tire & Rubber Company and Freightliner Corporation are hereby, in all respects, GRANTED and that judgment be entered accordingly.