Vicente V. GARZA, Jr., the Estate of Vicente Garza Santos, Antonieta Santos, Alfredo Santos, Sr. and Laredo S & G, Inc., Plaintiffs,

v.

ARIZONA REFINING COMPANY, Richard Messick, Defoy Champman, Larry Barreda and Lyle Yorgensen, Defendants.

Civ. A. No. L–85–7.

United States District Court, S.D. Texas, Laredo Division.

May 23, 1986.

Mark D. Willett, Attorney in Charge, Person, Whitworth, Ramos, Borchers & Morales and Carlos M. Zaffirini, Attorney in Charge, Laredo, Tex., for plaintiffs.

Robert Russo, Attorney in Charge, San Antonio, Tex., for defendants.

## MEMORANDUM OPINION

KAZEN, District Judge.

This is a diversity suit in which the Plaintiffs, Vicente V. Garza, Jr., et al ("Garza") complain of Arizona Refining Company and various of its named employees (hereinafter "ARCo"). According to Plaintiffs' First Amended Original Complaint, a lawsuit was filed against Garza on October 18, 1982 in the 206th Judicial District Court of Hidalgo County, Texas. The Plaintiffs in that suit were Teresa Santana, et al. ("Santana"), who alleged that Pedro Santana, a minor, died in a tar pit on property belonging to Garza. Garza alleges that Santana seeks to recover $270,000,000.00 as a result of Pedro Santana's death. Garza does not allege, however, that Santana has obtained a judgment in this case nor that Garza has paid anything to Santana. Indeed, Garza's counsel has represented that a jury trial in the Santana case resulted in a verdict favorable to Garza. The state court, however, granted a mistrial based on alleged jury misconduct and the case is now apparently pending retrial in the state court. In the instant suit, Garza alleges that ARCo previously entered Garza's land without consent, and intentionally or negligently dumped thereon the tar in which the Santana child died. He seeks recovery of expenses incurred to date in defending the Santana suit, plus damages for mental anguish, and purports to "reserve the right to amend" his complaint to include the amount of an adverse judgment "in the event" one is rendered in the Santana case. It was represented to the Court that neither ARCo nor any of its employees are named parties in the state court case. They were apparently not named as defendants by Santana, and Garza represents that his effort to file a cross action against ARCo was denied by the state court judge. The reason for the denial allegedly was that the attempt to file the cross action was untimely. That reason would now seem questionable in view of the mistrial, but

apparently Garza has made no effort to reurge the motion in state court.

Pending before this Court is ARCo's motion for summary judgment. ARCo first claims that, as a matter of fact, it was never on the particular part of Garza's land where the Santana death occurred and therefore it is not liable for whatever condition caused that death. Second, ARCo invokes the general rule that neither contribution nor indemnity is recoverable from a third party against whom the injured party has no cause of action. *See, Varela v. American Petrofina Company of Texas, Inc.*, 658 S.W.2d 561 (Tex.1983). ARCo argues that because any claim by Santana against ARCo would have been barred by limitations when the instant suit was filed in 1985, Garza cannot recover contribution or indemnity from ARCo. ARCo's argument is based upon *Powell v. Charles Offutt Co.*, 576 F.Supp. 272 (E.D.Tex.1983), aff'd 731 F.2d 886 (5th Cir.1984). *Powell* squarely supports ARCo's position; however, in doing so, it rejects a Texas case also on point, *Missouri Pacific Railroad Co v. Southern Pacific Railroad Co.*, 430 S.W.2d 900 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). *Missouri Pacific* distinguished between a case where the original injured party has no cause of action against the third party for a substantive reason, such as provisions of the Workers' Compensation Act or governmental immunity, and a case where the injured party clearly had a viable cause of action which has since expired under a statute of limitations. *Powell* rejects that distinction, finding justification for doing so in *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547 (Tex.1981). With due respect to *Powell*, this Court cannot agree with the proposition that *Hunter* "addressed the issue (of recovery against a third party) in the context of a limitations statute found in the Texas Business Corporation Act." 576 F.Supp. at 276. The real holding in *Hunter* was that shareholders of a dissolved corporation are not liable, either at common law or by statute, for a post-dissolution cause of action arising against the corporation. Accordingly, they could not be sued

directly by an injured Plaintiff nor indirectly for contribution or indemnity by other Defendants. The *Hunter* case thus involved a kind of substantive bar similar to that in *Varela, supra*, and did not contradict *Missouri Pacific*, nor did it purport to do so. *Powell* also appears contrary to the holding in *Beaumont Coca Cola Bottling Co v. Cain*, 628 S.W.2d 99 (Tex.App.—Beaumont 1982, writ ref'd n.r.e.), a case arising after *Hunter*. In *Cain*, the court held that the two-year statute of limitations did not bar the filing of a cross action against an alleged joint tortfeasor because the statute did not even begin to run until the original defendant's right to contribution accrued, namely when he "had paid more than his share of the judgment." 628 S.W.2d at 100.

■ While the Court declines to adopt either of the two grounds urged by ARCo, it nevertheless concludes that Garza's First Amended Original Complaint should be dismissed for failure to state a cause of action. Despite references in the parties' briefs to concepts of negligence and trespass, this suit is essentially one for contribution or indemnity. The distinction between those two concepts is not always clear, but basically contribution is an effort to apportion damages between two or more tortfeasors while indemnity is an effort by one party to shift entirely from himself to another an obligation that the first party has incurred. *See UMC, Inc. v. Coonrod Elec. Co., Inc.*, 667 S.W.2d 549 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Beech Aircraft Corp v. Jinkins*, 698 S.W.2d 722, 724 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ It is difficult to ascertain from the amended complaint which theory Garza is proceeding under, but more likely it is indemnity rather than contribution. Assuming it is contribution, however, there is no common-law right to contribution between joint tortfeasors. *Beech Aircraft Corp v. Jinkins, supra*, 698 S.W.2d at 725. Contribution between joint tortfeasors in Texas is controlled by statute, formerly articles

2212 and 2212a, V.A.T.S., now §§ 32.001, *et seq.*, *TEX.CIV.PRAC. & REMEDIES CODE. See Singleton v. N.Y. Underwriters Ins. Co.*, 739 F.2d 198, 200 (5th Cir. 1984). To establish a statutory right to contribution, a claimant must show that the party from whom he seeks contribution is liable to the plaintiff, that the claimant was a judgment debtor, and that the claimant paid a disproportionate share of the plaintiff's damages in light of the joint tortfeasors' liability. *Id.*, citing *Lubbock Manufacturing Co. v. International Harvester Co.*, 584 S.W.2d 908, 911 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Garza has not made these allegations and it is clear from the undisputed facts that he cannot do so at the present time.

 Even if Garza's claim against ARCo is really one for indemnity, the result is basically the same. The Texas Supreme Court has stated that the doctrine of indemnity has essentially been abolished except for a "vestige." *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex.1984). That "vestige" is the case where one party's liability to the plaintiff is purely vicarious while the party against whom indemnity is sought was the active tortfeasor. *B & B Auto Supply v. Central Freightlines, Inc.*, 603 S.W.2d 814, 817 (Tex.1980). It is questionable whether Garza's liability to Santana, if any, is truly vicarious. Certainly Garza does not make that allegation in the instant case. Even in this remaining vestige of commonlaw indemnity, the rule appears to be that the alleged indemnitee must have incurred an obligation before seeking indemnity. "An implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and *compelled to pay damages* on account of the tortious act of another, provided they are not joint tortfeasors." *UMC, Inc v. Coonrod Elec. Co., Inc., supra,* 667 S.W.2d at 554 (emphasis supplied). In *Ringer v. Transamerica Ins. Co.*, 650 S.W.2d 520, 522 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.), the court stated that, "[a] judgment for indemnity necessarily requires a prior determination of liability."

*See also, Lawyers Title Co. of Houston v. Authur*, 569 S.W.2d 578 (Tex.Civ.App.—Waco 1978, no writ); *Shell Petroleum Corp. v. Tippett*, 103 S.W.2d 448, 452 (Tex.Civ.App.—Austin 1937, writ ref'd) ("... the right to indemnity does not arise until the obligation is discharged by the one ... secondarily liable").

In summary, whether Garza is claiming contribution or indemnity, he must show that he has at least incurred, if not discharged, the primary obligation to the Plaintiff Santana. The only exception would involve use of the third-party practice in the main suit, allowing all claims to be settled in one proceeding. Obviously, this is the better procedure and the one contemplated by § 33.017, *TEX.CIV. PRAC. & REMEDIES CODE* (formerly art. 2212a, § 2(g)). *See, Arthur Bros., Inc. v. U.M.C., Inc.*, 647 S.W.2d 244, 246 (Tex. 1982). For whatever reason, however, Garza has not followed this procedure, and thus his only recourse under the Texas authorities cited above is to await the outcome of the Santana suit. This result is not only commanded by precedent but also by logic. At this stage, Garza owes nothing to Santana and he may never owe anything. Indeed, had the mistrial not been granted, that would have already been the result. Under those circumstances, there would never be a cause of action against ARCo. The Court is unaware of any authority justifying a claim against ARCo for mental anguish and inconvenience caused to Garza because of a lawsuit brought by someone else, especially not for a lawsuit which turned out to be meritless. Likewise, absent a contractual indemnity arrangement such as an insurance policy, the Court is unaware of any basis for taxing ARCo with Garza's attorneys fees, regardless of the outcome of the Santana suit. The limited "vestige" of common-law indemnity calls for the indemnitor to assume the indemnitee's liability to the Plaintiff. It is not a contract to assume the indemnitee's defense of a lawsuit. Even if it were, that claim would also be premature, inas-

much as Garza has apparently not yet finished his defense of the Santana claim.

For all the foregoing reasons, Garza has filed a claim whose time has not yet come. He fails to allege a mature cause of action and his amended complaint must be dismissed.