AMOCO CHEMICALS
CORPORATION, Appellant,

v.

MALONE SERVICE
COMPANY, Appellee.

No. 01–85–01025–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 12, 1986.

Ervin A. Apffel, Otto D. Hewitt, III, James R. Ansell, Barry H. Summer, McLeod, Alexander, Powell & Apffel, Galveston, for appellant.

Fred D. Raschke, Finis Cowan, III, Mills, Shirley, McMicken & Eckel, Galveston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment entered against appellant on its suit for contribution.

In September 1976, John D. Redmond, an employee of Malone Trucking Company, was overcome with chemical fumes while loading a vacuum truck. The chemical had been picked up at one of the appellant's facilities. Redmond filed a negligence cause of action against appellant and recovered judgment in May 1981. Appellee was not a named party to that lawsuit.

On or about June 4, 1982, appellant filed suit against appellee seeking contribution. Appellee filed a motion for summary judgment asserting that because plaintiff's primary cause of action against appellee was barred by limitations, appellant had no right of contribution from appellee. In support of this motion, appellee relied primarily upon two cases: (1) *Powell v. Charles Offutt Co.*, 576 F.Supp. 272 (E.D. Tex.1983), *aff'd*, 731 F.2d 886 (5th Cir. 1984), which interpreted Texas contribution

and indemnity law to mean that where limitations has run on the primary suit, no suit for contribution is available; and (2) *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547 (Tex.1981), which held that where the limitations statute in the Texas Business Corporations Act barred a plaintiff's cause of action, no suit for contribution was available.

On September 9, 1985, the trial court granted appellee's motion for summary judgment. It is from that judgment that appellant appeals.

In one point of error, appellant contends that the trial court erred in granting summary judgment because the applicable limitations period for contribution suits begins to run with the accrual of the contribution cause of action, not with the accrual of the primary lawsuit. Specifically, appellant asserts the following: (1) the underlying federal court case relied upon by the court, *Powell v. Charles Offutt Co.*, 576 F.Supp. 272, violates the principles of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); (2) *Powell* misapplies and misinterprets Texas state law; (3) the court's judgment violates the due process provision and equal protection clauses of the United States and Texas Constitutions; (4) the court's judgment violates access to courts as authorized by Article I of the Texas Constitution; (5) the court's judgment is in conflict with the purpose of apportioning liability in proportion to a defendant's negligence, as authorized by Tex. Rev.Civ.Stat.Ann. art. 2212a (Vernon 1985), repealed by Ch. 959, sec. 9(1), 1985 Tex. Gen.Laws 7218, re-codified in Tex.Civ.Prac. & Rem.Code sec. 33.011–33.017 (Vernon 1986); and (6) the court's judgment, if followed, would cause untenable results in Texas contribution cases.

We conclude that the trial court erred in its ruling and that any reliance upon *Powell* and *Hunter* was misplaced because (1) *Powell* misinterprets and misapplies Texas contribution law, and (2) *Hunter* is inapposite to the case at bar.

In *Powell,* the federal court was presented with the identical question as the case at bar. Plaintiff, Kenneth Powell, was injured and his wife was killed when the tire and wheel-rim assembly on the tractor-trailer rig, in which they were riding, came apart. Plaintiff filed his original suit in 1980 against Offutt, who had sold and mounted the tire and tube.

On September 16, 1982, Offutt filed a second third-party complaint seeking contribution and/or indemnity against five third-party defendants. Plaintiff thereupon filed its second amended original complaint naming these five as additional defendants.

On June 13, 1983, Firestone, one of the five, was granted summary judgment as to plaintiff's claims, because of limitations; on June 20, 1983, summary judgment, because of limitations, was granted in favor of a second defendant, Freightliner. Both defendants presented to the *Powell* court their motions for summary judgment as to Offutt's third-party action, contending that the claims for contribution and/or indemnity were barred because of the summary judgments entered in their favor.

The *Powell* court started from the basic premise that by reason of the derivative nature of Texas contribution and indemnity claims, neither claim is recoverable from a third party against whom the plaintiff has no cause of action. *Id.* 576 F.Supp. at 274. The court determined that there is little difference between a situation in which a plaintiff's cause of action is barred by sovereign immunity or employer immunity, and that where the action is barred by limitations. *Id.* Thus, the court held that where the primary claims are barred by limitations, third-party claims for contribution or indemnity are also barred.

The court based its decision upon the Texas Supreme Court's holding in *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547. In *Hunter,* the court addressed the issue of recovery of contribution or indemnity in the context of Tex.Bus.Corp.Act Ann. art. 7.12 (Vernon 1980), a limitations statute found in the Texas Business Corporation Act. Pursuant to article 7.12, a party may bring a pre-existing cause of action

against a dissolved corporation within three years of the date of the dissolution of the corporation; thereafter, such cause of action is barred by limitations.

In *Hunter*, the plaintiff was injured 11 years after the corporation dissolved. Plaintiff sued the former shareholders of the dissolved corporation and six other defendants, who then filed cross-actions against the former shareholders for contribution and indemnity. The Texas Supreme Court held that neither contribution nor indemnity was recoverable against the shareholders because of the time limitation provisions of article 7.12.

On the basis of the *Hunter* decision, the federal court in *Powell* concluded that "it would be more consistent with Texas law to apply the general rule precluding recovery for contribution or indemnity in *all* situations, including those in which the third party is protected from liability by the running of the statute of limitations." *Id.* 576 F.Supp. at 277. (Emphasis added.)

With due respect to the federal court decision in *Powell*, we respectfully decline to follow the rationale of that decision because, in our opinion, the court has incorrectly interpreted Texas contribution and indemnity law.

In 1917, the Texas Legislature enacted Tex.Rev.Civ.Stat.Ann. art. 2212 (Vernon 1917), repealed by Ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 7218, re-codified in Tex.Civ. Prac. & Rem. sec. 32.001–32.003 (Vernon 1986), which grants an enforceable right of contribution in favor of a party who has paid a judgment, and who establishes a right of recovery based upon a "pro rata" allocation of liability determined by the number of defendants found liable. *Beech Aircraft Corp. v. Jinkins*, 698 S.W.2d 722 (Tex.App.—Houston [1st Dist.] 1985, writ pending).

█ Although article 2212 created a contribution cause of action, it did not prescribe a procedure for its accomplishment. The procedure was, and is, that the claimant must assert (1) that a final judgment has been entered, (2) that he has paid the injured party, and (3) that he has secured a release that satisfies the liability of the alleged tortfeasors against whom contribution is sought. *Beech Aircraft*, 698 S.W.2d at 725.

In 1973, article 2212a was enacted to govern causes of action arising in negligence. Section 2(g) of article 2212a provides that claims for contribution between named defendants shall be determined in the primary suit, except that a named defendant may proceed against a person who is not a party to the primary suit and who has not effected a settlement with the claimant. In 1985, article 2212a, section 2(g) was re-codified in Tex.Civ.Prac. & Rem. sec. 33.017; however, none of the substance of the section 2(g) language has been changed.

█ Thus, contribution claims between named defendants must be determined in the primary suit or they are waived, unless, as in the instant case, a right of contribution comes within the language in the last phrase of the section, i.e., the right exists because a third party was not part of the primary suit and has made no settlement with the plaintiff. *Beaumont Coca Cola Bottling Co. v. Cain*, 628 S.W.2d 99, 101 (Tex.App.—Beaumont 1981, writ ref'd n.r. e.). But, the question left unanswered by article 2212a, section 2(g) and the re-codified section 33.017 is what effect does the running of limitations on the plaintiff's claim have on rights to contribution against unnamed co-tortfeasors.

█ Under Texas law, the rights of indemnity and contribution are derivative of the plaintiff's primary cause of action, and because of this derivative nature, neither contribution nor indemnity is recoverable from a third party against whom the plaintiff has no cause of action. *Powell*, 576 F.Supp. at 273–74; *Varela v. American Petrofina Company of Texas, Inc.*, 658 S.W.2d 561 (Tex.1983). Situations in which a plaintiff has no cause of action against a defendant have arisen in cases involving employers who are protected from liability by the Workers' Compensation Act and where the state is protected from liability

through sovereign immunity. A major policy reason for prohibiting contribution or indemnity in such instances is "to prevent a party from doing indirectly what the legislature or the courts have said he cannot do directly." *Powell*, 576 F.Supp. at 274.

We agree with the *Powell* court that the situation presented in *Hunter* is of the same special nature as that of an employer or the state that is protected from liability for certain policy reasons. The *Hunter* court determined that Tex.Bus.Corp.Act Ann. art. 7.12 was designed to restrict pre-existing, pre-dissolution claims against shareholders and "to protect the shareholders, officers, and directors of a dissolved corporation from prolonged and uncertain liability." *Hunter*, 620 S.W.2d at 551. Consequently, pursuant to article 7.12, the injured plaintiff in *Hunter* never had a right to recover under his primary suit; his claim was neither (1) pre-existing nor (2) ripe until eleven years after the dissolution of the corporation. Consequently, as in workers' compensation cases and sovereign immunity cases, where no right to recovery ever existed, no right to contribution can be derived therefrom.

However, we perceive a distinction between those cases in which no cause of action ever existed and those in which the cause of action is barred by limitations, pursuant to Tex.Rev.Civ.Stat.Ann. art. 5526, repealed by Ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 7218, re-codified in Tex.Civ. Prac. & Rem.Code 16.003(a) (Vernon 1986), which provides for the commencement of a cause of action for injury within two years of its accrual. In the latter, a plaintiff has a cause of action that he may or may not prosecute against all co-tortfeasors. Consequently, because of the derivative nature of contribution law, should plaintiff fail to name a party defendant, the defendants held liable may proceed against third-party defendants for contribution.

In 1904, the Texas Supreme Court was faced with a similar situation in determining whether the two-year statute of limitations, applicable to a suit for personal injuries, would preclude a suit for contribution.

*City v. Talerico*, 98 Tex. 151, 81 S.W. 518 (1904). In *Talerico*, plaintiff brought suit against the city for negligence; the city answered and impleaded St. Joseph's Orphan Asylum. St. Joseph's specially-excepted, invoking the two-year statute of limitations for bringing negligence suits. The Supreme Court held:

No limitation against the city ever commenced to run so long as it had no cause of action, and a cause of action could only arise in its favor when it sustained damage from the act of the asylum. According to the strict rules of the common law it could not have brought any other party into this litigation, and could have maintained no independent action, until the suit had terminated by judgment, or it had paid the damages to plaintiff. Hence no limitation would have run against it.

*Id.* 98 Tex. at 156, 81 S.W. at 520.

In *Missouri Pacific Railroad Co. v. Southern Pacific Co.*, 430 S.W.2d 900 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), *cert. denied*, 394 U.S. 1013, 89 S.Ct. 1630, 23 L.Ed.2d 39 (1969), the court held that the running of the limitations did not destroy a pre-existing liability; it merely deprived the plaintiff of the right to his claim. Therefore, the existence of the cause of action provided a basis for a claim of indemnity.

In *Beaumont Coca Cola Bottling Co. v. Cain*, 628 S.W.2d at 100, the court re-affirmed *Talerico*, holding "that the statute of limitations did not begin to run until Coca Cola's right to contribution accrued."

In *Pate v. Tellepsen Construction Co.*, 596 S.W.2d 548, 552 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), this Court held that a cause for indemnity accrues when judgment is either rendered or paid.

Finally, in *Brown & Root, Inc. v. Rust Engineering*, 679 S.W.2d 576 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.), a case decided subsequent to both *Powell* and *Hunter*, the court upheld a dismissal of third-party plaintiff's claims for contribution and indemnity on the basis that the

plaintiff's action against the defendants was barred. On appeal, appellant argued that the summary judgments had been rendered on the basis of limitations, and therefore, pursuant to established case law, the limitations statute did not extinguish the cause of action but merely barred recovery. However, because the court of appeals could not determine the basis for the trial court's granting the summary judgment, i.e., whether plaintiff ever had a cause of action against defendants, and if so, whether it was barred by limitations, the court of appeals perceived "no need to distinguish differences in those cases in which no cause of action ever existed and those cases in which the cause of action was barred by limitations." *Brown & Root Inc. v. Rust Engineering,* 679 S.W.2d at 578.

■ We have reviewed recent Texas case law and find no case that embraces the *Powell* interpretation of contribution law, or which applies the *Hunter* decision to the two-year statute of limitations. We conclude that the *Powell* court has misinterpreted Texas contribution and indemnity law. Therefore, the trial court's reliance thereon was misplaced, and the summary judgment was improvidently rendered.

Because of our disposition of the appeal on this portion of appellant's point of error, we find it unnecessary to address the remaining arguments raised in appellant's brief. Appellant's first point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.